UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGIDO PABLO PABLO,<br>A 070-632-237,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-0689 DC AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal immigration detainee, filed a habeas corpus action pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons discussed below, the undersigned recommends the motion to dismiss be granted and the petition be denied.

I. Factual and Procedural Background

In May 2025, petitioner, Brigido Pablo Pablo (A# 070-632-237), a native of Guatemala, was detained by immigration officials. ECF No. 1 at 5, 11. Petitioner requested a custody redetermination hearing pursuant to 8 C.F.R. § 1236. ECF No. 24-1 at 2. On June 26, 2025, petitioner had a bond hearing before an immigration judge. Id. The immigration judge denied bond based on a determination that petitioner is a danger to the community. Id. Petitioner

reserved appeal. Id. The period to appeal passed.

On September 23, 2025, petitioner was ordered removed.[1] Petitioner appealed the removal order, and his appeal is currently pending before the Board of Immigration Appeals.[2]

On January 26, 2026, the court received petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondents were ordered to file a response to the petition,[3] and petitioner was provided an opportunity to a reply. ECF No 23.

Respondent filed a motion to dismiss. ECF No. 24. Petitioner did not file an opposition or otherwise respond. The motion is deemed submitted.

II. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges

[1] This information was obtained from the Executive Office of Immigration Review's automated case information system, available at https://acis.eoir.justice.gov/en/. The court takes judicial notice of this information. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] Id.

[3] After the case commenced, the court appointed counsel, who filed a document titled "Amended Petition for Habeas Corpus and Motion for Preliminary Injunction." ECF Nos. 7, 12. Because it was unclear whether the filing was an amended petition or a motion for leave to file an amended petition, the court informed counsel a motion was unnecessary and directed counsel to file "an amended petition clearly setting forth the claims for which relief is sought, factual allegations in support of those claims, and the requested relief." ECF Nos. 13, 14. In response counsel filed a motion to withdraw, indicating he was unable to file any additional pleadings in this case and asking the court appoint new counsel. ECF No. 18, 22. Counsel was relieved as petitioner's counsel, and no new counsel was appointed. ECF No. 23. The document titled "Amended Petition or Habeas Corpus and Motion for Preliminary Injunction" was stricken. Id. As a result, the original petition received by the court on January 26, 2026, remains the operative petition.

to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

III. Discussion

The petition alleges that petitioner has been detained since May 2025 (a period over 8 months) without a hearing before a federal judge or immigration judge, and that he is pursuing relief from removal in immigration proceedings. ECF No. 1 at 2, 4, 5, 11. The petition puts forth a single due process claim arguing petitioner is entitled to a bond hearing before a neutral decisionmaker at which respondent bears the burden of establishing by clear and convincing evidence that petitioner is a flight risk or danger to the community. Id. at 16-17. By way of relief, petitioner seeks his release from custody or a bond hearing. Id. at 17.

In the motion to dismiss, respondent argues that (1) the petition should be dismissed because petitioner received a bond hearing on June 26, 2025, which defeats his sole claim that he has been detained without a bond hearing; and (2) petitioner was denied bond as a danger to the community, and has not shown or alleged that he has exhausted his administrative remedies by appealing the bond denial. ECF No. 24. The undersigned agrees in part.

Petitioner's due process claim challenging his prolonged detention without a bond hearing fails because the record shows petitioner received a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on June 25, 2026. ECF No. 24-1; see, e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (finding no due process violation where petitioner detained over sixteen months pursuant to § 1226(a) had received a bond hearing and a further bond hearing before an immigration judge was available to him upon a showing of materially changed circumstances); Prieto-Romero v. Clark, 534 F.3d 1053, 1068 (9th Cir. 2008) (finding no due process violation where petitioner detained for three years under § 1226(a) "received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker"); Campbell v. Warden, California City Det. Facility, No. 1:26-cv-4505 DAD CSK, 2026 WL 2149763, at *3 (E.D. Cal. July 27, 2026)

("Petitioner's due process claim challenging his prolonged detention . . . fails because petitioner received a bond hearing before an immigration judge.").

To the extent respondent reads the petition to present a potential challenge to the constitutionality of said hearing, the undersigned disagrees. The petition asserts that petitioner has not received a bond hearing, because he is purportedly detained pursuant to § 1225(b), and has no statutory or regulatory pathway to a bond hearing. ECF No. 1 at 5. Nowhere in the petition does petitioner allege or even suggest that he received a bond hearing which was constitutionally inadequate. Accordingly, the undersigned need not address such a claim or respondents' related arguments concerning exhaustion of administrative remedies.

To the extent petitioner argues that his continued prolonged detention, beyond six months, entitles him to a second bond hearing, and one at which the government bears the burden, he is mistaken. "[D]uration alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a)," and § 1226(a)'s procedures, which place the burden on the noncitizen to show he does not pose a danger to the community or is a flight risk, facially satisfy due process. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1212-13 (9th Cir. 2022).

Petitioner is informed that pursuant to § 1226(a)'s implementing regulations, he may request another bond hearing whenever he experiences a material change in circumstances. Id. at 1202, 1206, 1209 (citing 8 C.F.R. § 1003.19(e)). Because he does not assert that he was prevented from pursuing another bond hearing, or any other procedures afforded under § 1226(a) and its implementing regulations, the court need not consider such claims at this time.

Accordingly, because petitioner received the process he was due—specifically, an individualized bond determination by an immigration judge pursuant to § 1226(a)—and does not assert any other constitutional deficiencies, the undersigned recommends the motion to dismiss be granted.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 24) be GRANTED.
2. Petitioner's application for writ of habeas corpus (ECF No. 1) be DISMISSED,

without prejudice to any claims challenging the validity of any past or future bond hearing(s) or the denial of any bond hearing requested in the future.

3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **fourteen (14)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE